IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IFC CREDIT CORPORATION,<br>assignee of Norvergence, Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTURY REALTY FUNDS, INC.,<br><br>        Defendant. | No. 04 C 5908 |

## **MEMORANDUM OPINION AND ORDER**

This is one of a number of cases that have been brought in this court based on Norvergence, Inc. assigning equipment rental leases to plaintiff IFC Credit Corporation. The present case is based on two equipment rental Agreements for telephone equipment that, in February 2004, were entered into between Norvergence ("Rentor" under the Agreements) and defendant Century Realty Funds, Inc. ("Renter" under the Agreements). Both Agreements were for 60 months. Shortly after the Agreements were completed, Norvergence assigned its rights to IFC. IFC alleges that Century has defaulted on its monthly rental payments under both agreements and that IFC is therefore entitled to full payment for the remaining monthly rentals of the two Agreements.

Century has moved to dismiss on the ground of lack of personal jurisdiction and improper venue.[1] There is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Century is a real estate development and management firm based in Florida. It is undisputed that Century is not doing business in Illinois and that it has no contacts with Illinois that would ordinarily permit the exercise of personal jurisdiction based on Illinois's long-arm statute. See 735 ILCS 5/2-209. Norvergence was based in New Jersey. The negotiations and executions of the Agreements occurred in Florida and/or New Jersey. IFC is located in Illinois. Subsequent to the assignments, Century sent some rental payments to IFC in Illinois. IFC does not dispute that those payments, by themselves, would not be sufficient to support personal jurisdiction in Illinois. See IFC Credit Corp. v. Aliano Brothers General Contractors, Inc., No. 04 C 6504 at 5 (N.D. Ill. Feb. 16, 2005) (Darrah, J.). Also, IFC does not dispute Century's representations that substantially more evidence and witnesses would be located in Florida, not Illinois. For the exercise of personal jurisdiction and venue in Illinois, IFC relies only on a forum selection clause contained in the Agreements. The parties are in agreement that an enforceable

---

[1] IFC is granted leave to file its surreply.

forum selection clause may support personal jurisdiction even if a party does not otherwise have contact with the forum. Such a clause acts as an enforceable waiver of any objections to the exercise of personal jurisdiction. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); Northwestern National Insurance Co. v. Donovan, 916 F.2d 372, 375-76 (7th Cir. 1990); Aliano Brothers, No. 04 C 6504 at 3-4; IFC Credit Corp. v. Warner Robins Supply Co., No. 04 C 6093 at 5 (N.D. Ill. Feb. 3, 2005) (Manning, J.); IFC Credit Corp. v. Eastcom, Inc., 2005 WL 43159 *1 (N.D. Ill. Jan. 7, 2005) (Gettleman, J.); IFC Credit Corp. v. Kay Automotive Distributors, Inc., No. 04 C 5907 (N.D. Ill. Dec. 13, 2004) (Kennelly, J.). Century argues that the clause at issue is unenforceable because part of an adhesion contract, because it causes an undue hardship, and because it does not identify a specific forum.

The clause at issue is included in a paragraph entitled "Applicable Law, which is one of 21 paragraphs contained on the reverse side of the Agreements. The clause is in the same small print as the other paragraphs located on the reverse side of the Agreement. The clause at issue is in slightly bolder print than other print in that paragraph. The clause reads as follows:

> This agreement shall be governed by, construed, and enforced in accordance with the laws of the State in which Rentor's [Norvergence's] principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's

>    principal offices are located, without regard to
>    such State's choice of law considerations and all
>    legal actions relating to the Lease shall be
>    venued exclusively in a state or federal court
>    located within that State, such court to be
>    choses at Rentor or Rentor's assignee's sole
>    option. You hereby waive right to a trial by
>    jury in any lawsuit in any way relating to this
>    rental.

The parties agree that, for present purposes, Illinois law should be applied in construing this clause.

As previously mentioned, the present case is one of a number of cases brought by IFC based on rental agreements assigned by Norvergence. At least four other cases in this district have ruled on motions to dismiss and/or transfer based on lack of personal jurisdiction, improper venue, or inconvenience.

In <u>Aliano Brothers</u>, No. 04 C 6504 at 6-7, the court relied on <u>Whirlpool Corp. v. Certain Underwriters at Lloyd's London</u>, 278 Ill. App. 3d 175, 662 N.E.2d 467, 469-71 (1st Dist.), <u>appeal denied</u>, 167 Ill. 2d 571, 667 N.E.2d 1063 (1996), in holding that the clause was insufficient to confer jurisdiction because the clause's failure to specifically identify a forum prevented the clause from being specific and clear enough to be a true forum selection clause. The <u>Aliano Brothers</u> case was dismissed for lack of personal jurisdiction.

In Warner Robins, No. 04 C 6903, the court denied the motion to dismiss for lack of personal jurisdiction or venue. That case rejected the defendant's contention that the clause was unenforceable because included in an adhesion contract. Id. at 3-5. The defendant failed to raise contentions that would support either that the contract was an unenforceable adhesion contract or that proceeding in Illinois would cause a "grave inconvenience or unfairness." Id. at 3. In Warner Robins, the Whirlpool issue was not specifically addressed.

In Eastcom, 2005 WL 43159, the defendant moved for a transfer to the district where it was located. The motion was granted when plaintiff did not appear to oppose it. On plaintiff's motion for reconsideration, Eastcom relied on Whirlpool in holding that the clause could not be enforced as a true forum selection clause. Eastcom, 2005 WL 43159 at *1. Alternatively, the court held that the case would be transferred on convenience grounds, see 28 U.S.C. § 1404(a), regardless of the enforceability of the forum clause. Eastcom, 2005 WL 43159 at *2. For those reasons, the motion for reconsideration was denied and the case was transferred to the state where the defendant was located.

In Kay Automotive, No. 04 C 5907, the defendant's motion to dismiss was denied. The forum selection clause was found to be enforceable because defendant did not make a sufficient

showing that enforcement would contravene a strong public policy of the forum or that the forum would be seriously inconvenient. The court also rejected contentions that the clause was unenforceable because it was "small-print boilerplate" and not the subject of negotiation. There was also no showing that the defendant, which was located in California, would be effectively deprived of its day in court if the case were to stay in Illinois.

Illinois law requires that a true forum selection clause be clear and specific. Whirlpool, 662 N.E.2d at 471; In re Marriage of Walker, 287 Ill. App. 3d 634, 678 N.E.2d 705, 708 (1st Dist. 1997); Eastcom, 2005 WL 43159 at *1. A "true forum selection clause" is one that is mandatory and exclusive, that is, it requires that the suit be brought in the particular forum and the case may not be transferred elsewhere based on forum non conveniens principles. Whirlpool, 661 N.E.2d at 471. In Whirlpool, the pertinent contract language of an insurance policy required that the insurer "submit to the jurisdiction of any Court of competent jurisdiction within the United States" that was chosen by the insured. See id. The Illinois Appellate Court held that this clause lacked the clarity and specificity required of a true forum selection clause because the clause did not identify a specific forum. Id. at 470-71. Whirlpool, however, did not hold that the clause was without any effect whatsoever.

It was still a sufficient basis for exercising personal jurisdiction over the defendant in Illinois. It did not, however, prevent the defendant from moving to transfer the case elsewhere based on convenience. Id. at 471.[2]

It is unnecessary to consider whether the forum selection clause is completely unenforceable as being part of an adhesion contract and therefore personal jurisdiction was lacking. Whether or not there was personal jurisdiction over Century in Illinois, the case would be transferred to Florida pursuant to 28 U.S.C. §§ 1404(a), 1406(a), or 1631. There is no dispute that personal jurisdiction may be properly exercised over Century in Florida. IFC does not dispute that the only connection this case has to Illinois is that IFC is located here. IFC does not dispute that the contract was executed in Florida or that witnesses of Century are located in Florida. There is no contention that any witnesses are located in Illinois. There may be some Norvergence witnesses located in New Jersey.[3] Because

---

[2]In Aliano, No. 04 C 6504 at 6-7, the court went further and read Whirlpool as holding that a lack of specificity makes a forum selection clause completely unenforceable and therefore prevents it from being a basis for exercising personal jurisdiction over a party. This court respectfully disagrees with that holding of Aliano as being inconsistent with Illinois state law as stated in Whirlpool.

[3]The court will not consider the applicable law as a factor for § 1404(a) transfer. It is unclear whether the choice of law provision of the forum selection clause is enforceable and, if so, whether it would require the application of New

there is no enforceable contractual provision mandating that this case be heard in Illinois and for reasons of convenience, and in the interests of justice this case will be transferred to Florida.

Issues as to applicable law and the enforceability of other provisions of the parties' Agreements will be left for the transferee court to decide. No opinion is expressed or implied as to those issues.

IT IS THEREFORE ORDERED that plaintiff's motion to file surreply [11] is granted. Defendant's motion to dismiss [4] is granted in part and denied in part. The Clerk of the Court is directed to transfer this case to the Middle District of Florida, Tampa Division.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: MARCH 4, 2005

---

Jersey law or Illinois law or a combination of the two, that is New Jersey law for formation issues and up to the point the Agreements were assigned and Illinois law for any issues that arose upon assignment and thereafter. If that aspect of the clause is not enforceable, Florida law may be the applicable law.